UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12317-GAO

EDWIN J. SANTIAGO-RIVERA,
Petitioner,

v.

WARDEN JEFF GRONDOLSKY,
Respondent.

OPINION AND ORDER
June 28, 2017

O'TOOLE, D.J.

Edwin Santiago-Rivera, an inmate at the Federal Medical Center Devens, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Santiago-Rivera claims that his federal conviction and sentence are unlawful, and he seeks his release. For the reasons set forth herein, the § 2241 petition is denied because the proper avenue to seek relief from an unlawful detention such as the petitioner claims is provided in 28 U.S.C. § 2255.

Under § 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" can move the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). He may not challenge the legality of his sentence through an application for a writ of habeas corpus under § 2241 unless it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." Id. § 2255(e).

Santiago-Rivera's petition broadly challenges the constitutionality of his sentence and the jurisdiction of the sentencing court. Despite his claim that he is attacking the "execution" of his

sentence, he is in fact attacking its imposition. See Barr v. Sabol, 686 F. Supp. 2d 131, 136 (D. Mass. 2010) ("Execution of a sentence includes matters such as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." (emphasis omitted) (internal quotation marks omitted)). Moreover, it appears that Santiago-Rivera has filed a § 2255 motion in the District of Puerto Rico, the sentencing court. The so-called savings clause of § 2255 does not apply because "[t]his Court cannot ascertain any credible reason why a motion under § 2255 would be ineffective or inadequate *where he has a pending § 2255 motion,* and there is absolutely no indication that the motion would not be decided within a reasonable period of time." Bultmeyer v. Grondolsky, Civil Action No. 13-40119-FDS, 2013 WL 5538450, at *4 (D. Mass. Oct. 4, 2013) (emphasis in original).

Accordingly, the petition (dkt. no. 1) is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge